UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**NIKIKE NAMAR TYLER, #1030693**

                Petitioner,

v.                                                   Civil Action No. 2:23-cv-253

**CHADWICK DOTSON,**[1]
**Director of the Virginia**
**Department of Corrections,**

                Respondent.

## REPORT AND RECOMMENDATION

Pro se Petitioner Nikike Namar Tyler ("Petitioner" or "Tyler") filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, alleging ineffective assistance of counsel and seeking to have his guilty plea vacated and his offenses remanded back to the trial court for a new trial. Petition (ECF No. 1, at 5, 15). Respondent Chadwick Dotson filed a Rule 5 Answer and moved to dismiss the petition. (ECF Nos. 12, 13). The matter was referred to me for a recommendation under 28 U.S.C. § 636(b)(1)(B). For the reasons stated below, I recommend that the Respondent's Motion to Dismiss, (ECF No. 13), be DENIED, without prejudice, and the Petition, (ECF No. 1), be STAYED and HELD IN ABEYANCE pending the exhaustion of Petitioner's state habeas remedies.

### I.    FACTUAL AND PROCEDURAL HISTORY

Tyler is a Virginia Department of Corrections ("VADOC") offender currently incarcerated at Lunenburg Correctional Center, serving a 23-year active sentence.[2] Resp't's Br.

---

[1] Since the filing of the case, Chadwick Dotson was appointed as the Director of the Virginia Department of Corrections. He is therefore automatically substituted as a party pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

1

Supp. Mot. Dismiss Ex. 1 ("Conviction and Sentencing Order") (ECF No. 15-1, at 4). He signed a plea agreement and pled guilty to: (1) conspiracy to distribute a Schedule I or II controlled substance in violation of Va. Code §§ 18.2-256/248(C); (2) conspiracy to distribute more than five pounds of Marijuana in violation of Va. Code §§ 18.2-256/248.1(a)(3); (3) conspiracy to conduct money laundering in violation of Va. Code §§ 18.2-22/246.3(A) and; (4) continuing a criminal enterprise in violation of Va. Code § 18.2-248(H1). Id. at 2. Tyler was sentenced on June 7, 2022, and judgment entered July 1, 2022. Conviction and Sentencing Order (ECF No. 15-1, at 4). He never filed a direct appeal. Resp't's Br. Supp. Mot. Dismiss Ex. 5 ("Henrico County Habeas Petition") (ECF No. 15-5, at 3).

### A. Petitioner's State Habeas Petitions

On May 19, 2023, Tyler, pro se, filed a state petition for a writ of habeas corpus in the Supreme Court of Virginia. Resp't's Br. Supp. Mot. Dismiss Ex. 3 ("Supreme Court of Virginia Habeas Petition") (ECF No. 15-3). The Supreme Court of Virginia dismissed Tyler's petition without prejudice on September 29, 2023, because he did not pay the filing fee or establish indigent status. Resp't's Br. Supp. Mot. Dismiss Ex. 4 ("Supreme Court of Virginia Dismissal") (ECF No. 15-4, at 1).

On June 7, 2023, Tyler, with the assistance of counsel, filed a state petition for a writ of habeas corpus in Henrico County Circuit Court, raising the following claims:

a. Ineffective assistance of counsel

> 1. Trial counsel failed to advise Petitioner about the merits of, and failed to pursue, a motion to suppress the illegal seizure and search of Petitioner's cell phone;

---

[2] Tyler's total imposed sentence was 65 years. However, 8 of 10 years were suspended for conspiracy to distribute, 9 of 10 years were suspended for conspiracy to distribute marijuana, all 5 years were suspended for conspiracy to commit money laundering, and 20 of 40 years were suspended for being a principle to a criminal enterprise. Conviction and Sentencing Order (ECF No. 15-1, at 2–3).

> 2. Trial counsel failed to advise Petitioner regarding the available defenses to each charge, the strengths and weaknesses of those defenses, the likelihood of conviction for lesser included offenses and the resulting impact on the overall sentence.

Henrico County Habeas Petition (ECF No. 15-5, at 11). The state petition is still pending, awaiting a ruling on the respondent's October 31, 2023, motion to dismiss. See Resp't's Br. Supp. Mot. Dismiss Ex. 6 ("Henrico County Respondent's Motion to Dismiss") (ECF No. 15-6).

**B.      Petitioner's Federal Petition**

On May 23, 2023, Tyler filed this federal petition for a writ of habeas corpus under 28 U.S.C. § 2254, alleging that he received ineffective assistance of counsel.[3] Pet. (ECF No. 1, at 5). His federal claim mirrored his state habeas petition, alleging:

> a. Ineffective assistance of counsel
>
> > 1. Trial counsel failed to fully advise the Petitioner regarding the available defenses to each charge, the strength[s] that weaknesses of those defenses, the likelihood of conviction for lesser included offenses and the resulting impact on the overall sentence;
> >
> > 2. [Trial] counsel failed to investigate, discover, and present a defense to the illegal seizure of Petitioner's cell phone.

Id. Simultaneously with his Petition, Tyler filed a Motion to Stay and Abey, (EFC No. 2). See Pet. Attach. 1 (ECF 1-1, at 1). Recognizing Tyler had failed to exhaust his claims, this court issued an Order to Show Cause, (ECF No. 5), and Tyler responded, (ECF No. 7), asking the court to delay any decision to dismiss until the state court ruled on his pending state petition. Pet'r's Resp. Order Show Cause (EFC No. 7, at 3). On November 2, 2023, prior to service, the

---

[3] For purposes of calculating the statute of limitations, filing by a pro se inmate occurs when he delivers his pleading to prison officials for forwarding to the court clerk. Lewis v. Richmond City Police Dep't, 947 F.2d 733, 735 (4th Cir. 1991). When the date the pleading was delivered to prison officials is not available in the record, the date of signature is used as a default date for the actual failing date, as this date favors a petitioner in the statute of limitations analysis. See Hall v. Johnson, 332 F. Supp. 2d 904, 907 n. 3 (E.D. Va. 2004). Here, the envelope attached to Tyler's Petition was postmarked on May 23, 2023, so the court will consider this date Tyler's Petition filing date. See Petition, Attach. 2 (ECF No. 1-2, at 1).

3

Motion to Stay and Abey was granted. Order to Hold in Abeyance (ECF No. 8, at 1–2). The first stay expired and Tyler filed no written status update of his state court exhaustion efforts. The court thereafter ordered Respondent to file a Rule 5 Answer and respond. Order Service Resp'ts (ECF No. 9, at 2).

Respondent filed a Rule 5 Answer and Moved to Dismiss the Petition, predictably arguing that Petitioner failed to exhaust his state court remedies. Resp't's Br. Supp. Mot. Dismiss (ECF No. 15, at 7). With regard to the possibility of a further stay, Respondent argues that the Petition fails to meet the three-part test for granting stays to habeas petitions established by Rhines v. Weber and that a further stay may frustrate the aims of the Antiterrorism Effective Death Penalty Act (AEDPA). Id. at 8. Tyler replied, reiterating his request to stay.[4] Pet'r's Resp. Resp't's Mot. Dismiss (ECF No. 16, at 2).

## II. ANALYSIS

Habeas petitions filed pursuant to 28 U.S.C. § 2254 challenge a state's custody over a petitioner on the grounds that such custody violates the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Before applying for federal habeas relief, however, a petitioner must first exhaust the remedies available in state court or demonstrate the absence or ineffectiveness of such remedies. 28 U.S.C. § 2254(b)(1). This requirement gives "state courts the first opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing." Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998). The habeas petitioner bears the burden of proving that all claims are exhausted. Id. at 618 (citing Mallory v. Smith, 27 F.3d 991, 994 (4th Cir. 1994)).

Tyler concedes he has not exhausted his state court remedies in conformity with 28

---

[4] Although in his filing Tyler states that "[p]etitioner did not respond to the Motion to Dismiss," he goes on to "respectfully request [that] the Court [] deny the Respondent's Motion to Dismiss." Pet'r's Resp. Resp't's Mot. Dismiss (ECF No. 16, at 2).

4

U.S.C. § 2254(b). Pet'r's Mot. Stay (ECF No. 2, at 1). In his state petition for a writ of habeas corpus, Tyler raised claims for ineffective assistance of counsel. Henrico County Habeas Petition (ECF No. 15-5, at 11). Specifically, he alleged that his trial counsel failed to advise him on all available defenses and failed to pursue the suppression of evidence from Tyler's cell phone. Id. Tyler raises the same claims in his federal petition. Pet. (ECF No. 1, at 5). Because the claims in both the state and federal petitions are the same and the state claims have not been exhausted, Petitioner's federal claims are not yet ripe for review. 28 U.S.C. § 2254(b)(1).

Rhines v. Weber permits federal district courts to stay unexhausted claims until they become exhausted, so long as: (1) there is "good cause for the petitioner's failure to exhaust his claims first in state court;" (2) the claims are not "plainly meritless" and; (3) the petitioner did not engage in "abusive litigation tactics or intentional delay." Rhines v. Weber, 544 U.S. 269, 277–78 (2005). Rhines involved a so-called "mixed petition" alleging both unexhausted and exhausted claims, Rhines, 544 U.S. at 271, but later decisions have cited Pace v. DiGuglielmo to suggest the Rhines test would also apply to unmixed petitions alleging only unexhausted claims. See Hyman v. Keller, No. 10-6652, 2011 WL 3489092, at *11 (4th Cir. Aug. 10, 2011) ("The court has subsequently extended the Rhines rationale beyond mixed § 2254 petitions . . . the Pace decision appears to authorize use of the stay and abeyance procedure under any circumstances that could warrant a state court resolution of a prisoner's claims."). Pace observed that a prisoner may "file a protective petition in federal court and ask the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted."[5] Pace v. DiGuglielmo, 544 U.S.

---

[5] There is some dispute over whether the comments in Pace actually extended Rhines to unmixed petitions. See, e.g., Payne v. Johnson, No. 3:07cv614, 2008 WL 3843447, at *1 (E.D. Va. Aug. 15, 2008) ("Nevertheless, where a petitioner has failed to exhaust state court remedies for all of his claims, the federal court must dismiss the petition without prejudice because the use of the 'stay and abeyance' procedure for certain 'mixed' federal habeas petitions in inapplicable.") (quoting Banks v. Johnson, No. 3:07cv746, 2008 WL 2566954, at *2 (E.D. Va. June 26, 2008)).

408, 416 (2005) (citing <u>Rhines</u>, 544 U.S. at 278) (cleaned up). Tyler has filed such a protective petition here. <u>See</u> Pet'r's Resp. Order Show Cause (EFC No. 7, at 3). Both his state and federal petitions were timely, but nearly all of the federal limitations period expired before his state filing. As a result, consideration of a stay under <u>Rhines</u> is proper.

First, Tyler has good cause for his failure to first exhaust his claims in state court. While he filed his federal petition prior to filing his state petition in Henrico County Circuit Court, he did so as a protective petition. Pet. (ECF No. 1, at 6); Pet'r's Resp. Order Show Cause (ECF No. 7, at 3); <u>See Pace</u>, 544 U.S. at 416. Tyler met the filing deadlines for both his state and federal petitions and is making a good-faith effort to move his petitions forward, retaining counsel for the state matter and engaging in motion practice pro se in the federal court. Written Status Resp. (ECF No. 11, at 1–2); Pet'r's Resp. Resp't's Mot. Dismiss (ECF No. 16, at 1–2). The Henrico County Circuit Court has yet to rule on the motion to dismiss his state claim, which was filed on October 31, 2023, and which Tyler responded to on November 9, 2023. <u>Henrico County Circuit – Civil Division CL23004080-00</u>, Virginia Courts Case Information (July 15, 2024, 4:06 PM), https://eapps.courts.state.va.us/CJISWeb/CaseDetail.do. A petitioner zealously pursuing the resolution of his state claims should not be penalized because a court is delayed in ruling on a pending motion.

Second, in the interest of comity this court must refrain from evaluating the merits of the instant petition until Tyler's state claims are exhausted. Comity "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter." <u>Rose v. Lundy</u>, 455 U.S. 509, 518 (1982) (quoting <u>Darr v. Burford</u>, 339 U.S. 200, 204 (1950)). To satisfy the second prong of the <u>Rhines</u> test, an unexhausted claim must not be

6

"**plainly** meritless." Rhines, 544 U.S. at 277 (emphasis added). Here, Tyler, with the assistance of counsel, has raised state claims that the Henrico County Circuit Court has yet to dismiss and replicated those claims on his federal petition. Respondent has also requested an opportunity to file a supplemental pleading, if this court wishes to consider the merits. Resp't's Br. Supp. Mot. Dismiss (ECF No. 15, at 9). In this case, "the petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions," so Respondent should have an opportunity to respond substantively after exhaustion. Rhines, 544 U.S. at 278. Thereafter, Tyler has timely engaged with the federal litigation.

There is no evidence that Tyler engaged in abusive litigation tactics or intentional delay. He filed within the limitations period and has been diligently pursuing his claims. Although he did not provide the court with a written update on his state claims as ordered, the state claims remained stagnant, and the court moved forward by ordering Respondent to file an answer. Order to Answer (ECF No. 9, at 2).

Finally, and most importantly, if the court were to grant Respondent's Motion to Dismiss, the federal limitations period would begin running again as soon as the state petition is resolved. Nearly the entire limitations period had passed before his pending state petition was filed, thus leaving a short window of time to re-file the federal claims. It is unlikely that Tyler would have time to refile his federal petition after the exhaustion of his state claims, both because of the short amount of time left in the limitations period, and his difficulty receiving prompt communication while incarcerated. Accordingly, the court should temporarily stay his petition in accordance with Rhines and Pace to preserve his right to federal review.

### III.   RECOMMENDATION

Because Tyler has met the requirements of Rhines and it is unlikely that he would be able to refile his federal petition if Respondent's Motion to Dismiss were granted, the undersigned recommends that Respondent's Motion to Dismiss be DENIED, without prejudice, (ECF No. 13), and Tyler's Petition, (EFC No. 1), be STAYED and HELD IN ABEYANCE for six (6) months or until his state claims are exhausted, whichever occurs first.  The parties should advise the court of any change in status during the stay and at its conclusion.

## IV. REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/ Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
July 31, 2024

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing was mailed this date to:

**Nikike Namar Tyler, #1030693**
VA DOC Centralized Mail Distribution Center
3521 Woods Way
State Farm, VA 23160

A copy of the foregoing was provided electronically this date to:

**Susan Hallie Katherine Hovey-Murray**
Office of the Attorney General
Criminal Appeals Section
202 North Ninth Street
Richmond, VA 23219

Fernando Galindo, Clerk

By _/s/ J. L. Meyers_
Deputy Clerk

July 31, 2024