UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

NIKIKE NAMAR TYLER,
#1030693,

        Petitioner,

v.                                    Civil Action No. 2:23-cv-253

CHADWICK DOTSON,
Director of Virginia
Department of Corrections,

        Respondent.

## MEMORANDUM ORDER CONTINUING STAY

On June 7, 2023, pro se Petitioner Nikike Namar Tyler ("Petitioner" or "Tyler") filed a habeas petition pursuant to 28 U.S.C. § 2254, challenging drug-related convictions and sentences he received at Henrico County Circuit Court on June 7, 2022. Pet. Writ Habeas Corpus ("Pet.") (ECF No. 1). Specifically, Tyler alleges ineffective assistance of counsel and seeks to have his plea vacated and his case remanded for a new trial. Id. at 5, 15. Petitioner simultaneously filed a Motion to Stay and Abey his federal habeas Petition until he has exhausted his state court remedies. Mot. Stay & Abey (ECF No. 2). On March 19, 2024, Respondent Chadwick Dotson ("Respondent") filed a Rule 5 Answer and Motion to Dismiss the Petition, arguing the court should dismiss the Petition without prejudice pending exhaustion. (ECF Nos. 12, 13); Resp't's Br. Supp. Mot. Dismiss (ECF No. 15, at 7).

The same day Petitioner filed his federal habeas Petition, Petitioner filed a state habeas action. See Tyler v. Clarke, Henrico County Circuit Court–Civil Division CL23004080-00, Virginia Courts Case Information (last visited March 7, 2025), https://eapps.courts.state.va.us/CJISWeb/CaseDetail.do. On October 31, 2023, Respondent filed

1

a Motion to Dismiss the state action, which was still pending before Henrico County Circuit Court when Respondent moved to dismiss the federal Petition in this court.  Id.; Resp't's Rule 5 Answer & Mot. Dismiss (ECF No. 13).  Because Petitioner was actively pursuing the resolution of his state claims and because the Henrico County Circuit Court had not yet ruled on Respondent's pending Motion to Dismiss the state habeas claim, I recommended that Respondent's Motion to Dismiss be denied on July 31, 2024, and this case stayed for six months or until the Petitioner exhausted his state claims, whichever occurred first.  R. & R. (ECF No. 17, at 8).  United States District Judge Walker adopted the recommendation, denying the Motion to Dismiss on August 29, 2024, and staying this action for six months or until Petitioner exhausted his state claims.  Order (ECF No. 18, at 2).  That six-month period expired on March 3, 2025, prompting the court to determine whether an additional stay is appropriate.

Rhines v. Weber permits federal district courts to stay unexhausted claims until they become exhausted, so long as: (1) there is "good cause for the petitioner's failure to exhaust his claims first in state court;" (2) the claims are not "plainly meritless," and; (3) the petitioner did not engage in "abusive litigation tactics or intentional delay."  544 U.S. 269, 277-78 (2005).  Rhines involved a so-called "mixed petition," alleging both unexhausted and exhausted claims, Rhines, 544 U.S. at 271, but later decisions have cited Pace v. DiGuglielmo to suggest that the Rhines test would also apply to unmixed petitions alleging only unexhausted claims.  See Hyman v. Keller, No. 10-6652, 2011 WL 3489092, at *10-11 (4th Cir. Aug. 10, 2011) ("The Court has subsequently extended the Rhines rationale beyond mixed § 2254 petitions . . . the Pace decision appears to authorize use of the stay and abeyance procedure under any circumstances that could warrant a state court resolution of a prisoner's claims.").  Pace observed that a prisoner may file "a 'protective' petition in federal court and ask[] the federal court to stay and abey the federal

habeas proceedings until state remedies are exhausted." Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005) (citing Rhines, 544 U.S. at 278). Tyler has filed such a protective Petition here. Pet'r's Resp. Order Show Cause (ECF No. 7, at 3). As a result, consideration of a stay under Rhines is proper.

The original Report and Recommendation found that Petitioner's case met all three Rhines factors. R. & R. (ECF No. 17, at 6-7). In determining whether an additional stay is warranted, I will revisit these factors and update Tyler's progress towards exhaustion. First, Tyler still has good cause for his failure to first exhaust his claims in state court. While he filed his federal Petition prior to filing his state petition in Henrico County Circuit Court, he did so as a protective Petition. Pet. (ECF No. 1, at 6); Pet'r's Resp. Order Show Cause (ECF No. 7, at 3); see Pace, 544 U.S. at 416. Tyler met the filing deadlines for both his state and federal Petitions, met the filing deadline for his appeal to the Virginia Supreme Court, and is making a good-faith effort to move his Petitions forward. Written Status Resp. (ECF No. 11, at 1-2); Pet'r's Resp. Resp't's Mot. Dismiss (ECF No. 16, at 1-2); Tyler v. Clarke, Case Information SCV Record 250113, Supreme Court of Virginia Appellate Case Management System (last visited March 6, 2025), https://eapps.courts.state.va.us/acms-public/caseInquiry/showCasePublicInquiry.

At the time the court issued the last stay, Respondent's Motion to Dismiss the state claim was pending before Henrico County Circuit Court. Tyler v. Clarke, Henrico County Circuit Court–Civil Division CL23004080-00, Virginia Courts Case Information (last visited March 7, 2025), https://eapps.courts.state.va.us/CJISWeb/CaseDetail.do. On September 9, 2024, Henrico County Circuit Court granted the Motion and dismissed Tyler's state habeas Petition. Id. On February 14, 2025, with the assistance of counsel, Tyler timely appealed the decision to the Supreme Court of Virginia. Tyler v. Clarke, Case Information SCV Record 250113, Supreme

Court of Virginia Appellate Case Management System (last visited March 6, 2025), https://eapps.courts.state.va.us/acms-public/caseInquiry/showCasePublicInquiry. At this time, the Virginia Supreme Court has not yet resolved Tyler's appeal, making an additional stay appropriate. See In re Torrence, 828 F. App'x 877, 881 (4th Cir. 2020) (noting that a district court "likely erred in denying the [Petitioner's] stay-and-abeyance motion[,]" even when the unexhausted state claim remained pending in a state court for thirteen years, because the denial cost the petitioner "any [possible] federal review" of his or her claims).

In the interest of comity, this court must refrain from evaluating the merits of the instant Petition until Tyler's state claims are exhausted. Comity "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter." Rose v. Lundy, 455 U.S. 509, 518 (1982) (quoting Darr v. Burford, 339 U.S. 200, 204 (1950)). To satisfy the second prong of the Rhines test, an unexhausted claim must not be "plainly meritless." Rhines, 544 U.S. at 277 (emphasis added). In other words, unexhausted and "potentially meritorious" claims satisfy the second prong of Rhines. Id. at 278. Because the Supreme Court of Virginia has not yet dismissed Tyler's appeal, his claims remain "potentially meritorious[,]" making an additional stay warranted. See id. at 278 ("[T]he petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions."); see also Lundy, 455 U.S. at 522 (holding that the total exhaustion requirement should not "unreasonably impair the prisoner's right to relief").

Finally, there is no evidence that Tyler engaged in abusive litigation tactics or intentional delay. He filed within the limitations period and has diligently pursued his claims. Accordingly, the court ORDERS the case be STAYED and HELD IN ABEYANCE for an additional six

months or until the petitioner's state claims are exhausted, whichever occurs first. Both parties are DIRECTED to advise the court promptly of any action taken by the Virginia Supreme Court which may lead to lifting the stay.

The Clerk is DIRECTED to mail a copy of this Order to the Petitioner.

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Newport News, Virginia
March 7, 2025

**Clerk's Mailing Certificate**

A copy of the foregoing was mailed this date to:

**Nikike Namar Tyler, Inmate # 1030693**
VA DOC Centralized Mail Distribution Center
3521 Woods Way
State Farm, VA 23160

A copy of the foregoing was provided electronically this date to:

**Susan Hallie Katherine Hovey-Murray**
Office of the Attorney General
Criminal Appeals Section
202 N. 9th St.
Richmond, VA 23219


Fernando Galindo, Clerk


By_____
Deputy Clerk


_____, 2025